39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dan B. GAHN; Lorrie Gahn; Steven A. Babcock, Plaintiffs-Appellees,
v.
Paul FUJINO, Officer, Defendant,
and
M.D. Lauterbach, Officer, Defendant-Appellant.
Dan B. GAHN; Lorrie Gahn; Steven A. Babcock, Plaintiffs-Appellees,
v.
Paul FUJINO; Tim McCombs; City of Gold Bar, Defendants-Appellants.
 Nos. 93-35525, 93-35535.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1993.*
Decided Oct. 21, 1994.
 
 Before: LAY,** TROTT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 These consolidated appeals concern two independent episodes of police conduct allegedly giving rise to 42 U.S.C. Sec. 1983 claims. In the first case, plaintiff Steven Babcock alleges his arrest by Gold Bar police officer Paul Fujino and Snohomish County Deputy Sheriff M.D. Lauterbach involved excessive force in contravention of the Fourth Amendment and state common law. In the second case, plaintiff Dan Gahn claims the impoundment of his car by Gold Bar police officer Tim McCombs was an unreasonable seizure in violation of the Fourth Amendment. The defendant officers appeal the district court's order denying their motions for summary judgment based on qualified immunity. We affirm in part, reverse in part and remand.
 
 STANDARD OF REVIEW
 
 3
 We review de novo the denial of a defendant's motion for summary judgment based on qualified immunity. Palmer v. Sanderson, 9 F.3d 1433, 1435 (9th Cir.1993). On summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992).
 
 DISCUSSION
 I Qualified Immunity
 
 4
 A police officer is immune from suit if, "in light of clearly established principles governing the conduct in question, the officer objectively could have believed that his conduct was lawful." Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). This determination is made by engaging in a two-part analysis: "1) Was the law governing the officer's conduct clearly established? 2) Under that law, could a reasonable officer have believed the conduct was lawful?" Id. When a qualified immunity defense is asserted at summary judgment, the reasonableness of the defendant's conduct is a legal question. Id. at 873. "The reasonableness inquiry is, however, objective, asking whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Mendoza v. Block, 27 F.3d 1357, 1362 (9th Cir.1994) (internal quotations omitted).
 
 
 5
 The reasonableness of an officer's conduct is a jury question only if there exist a genuine issue of material fact. Act Up!/Portland, 988 F.2d at 872. When, as here, the reasonableness of an officer's action depends on whether a seizure involved excessive force or was unreasonable under the circumstances, a jury question will often exist when the facts are in dispute as to the officer's or claimant's actual conduct. See id. at 873. The defendant officers are, however, entitled to qualified immunity at summary judgment if after accepting plaintiff's version of the facts as true the officers' alleged conduct was objectively reasonable under clearly established law. Scott v. Henrich, No. 91-35429, slip op. 10823, 10828 (9th Cir. Sept. 9, 1994).
 
 
 6
 II. The Qualified Immunity of Defendant Officers
 
 
 7
 Where, as here, the defendant officers have affirmatively raised the defense of qualified immunity at summary judgment, the plaintiff must allege a violation of a constitutional right that was clearly established at the time of the alleged misconduct. Once the plaintiff makes this showing, then the officers must prove that their conduct was objectively reasonable. Armendariz v. Penman, 31 F.3d 860, 869-70 (9th Cir.1994).
 
 
 8
 A. The Excessive Force Claim--Babcock v. Lauterbach & Fujino, No. 93-35525
 
 1. Collateral Estoppel
 
 9
 On appeal, Babcock continues to dispute the lawfulness of his arrest, asserting the officers were without jurisdiction and probable cause. These arguments are foreclosed by the Snohomish County Superior Court decision upholding Babcock's state misdemeanor convictions; the district court correctly held that collateral estoppel barred relitigation of claims relating to these issues. Therefore, the issue on appeal is not the lawfulness of Babcock's arrest, but how it was carried out.
 
 2. Clearly Established Law
 
 10
 Deputy Lauterbach argues Babcock has not met the plaintiff's burden of proving the constitutional right allegedly violated was clearly established at the time of the alleged misconduct. All the plaintiff must do in order to make this showing is "allege[ ] a violation of a right that was clearly established ... at the time" of the incident. Figueroa v. United State, 7 F.3d 1405, 1409 (9th Cir.1993), cert. denied, 114 S.Ct. 1537 (1994). Here, Babcock claims the conduct of the officers during his arrest was unreasonable, violating his Fourth Amendment right to be free from the use of excessive force. This right was clearly established at the time of the March 16, 1990 incident. See Mendoza, 27 F.3d at 1360-62; Palmer, 9 F.3d at 1436 (right to be free from the use of excessive force was clearly established in 1988).
 
 
 11
 3. The Reasonableness of Defendant Officers' Conduct
 
 
 12
 "The reasonableness [inquiry] must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight [and] [t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgment--in circumstances that are tense, uncertain, and rapidly evolving...." Hopkins, 958 F.2d at 885 (quoting Graham v. Connor, 490 U.S. 386, 396-97 (1989)). The court should consider whether the totality of the circumstances justifies the force used, examining particularly the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. Mendoza, 27 F.3d at 1362 (internal quotations omitted).
 
 
 13
 a. Deputy Lauterbach
 
 
 14
 Under the totality of the circumstances a reasonable officer could conclude the forced used by Deputy Lauterbach was lawful. Deputy Lauterbach approached a vehicle whose occupants had just fled from another police officer's lawful stop. When Babcock refused to provide identification or exit the truck, it would not be unreasonable for an officer to use minimal force to remove the resisting suspect from the vehicle in order to complete the arrest and control the situation. There is no indication Deputy Lauterbach used more force than necessary in removing Babcock from the truck and effecting the arrest. See, e.g., Mendoza, 27 F.3d at 1362-63; White v. Pierce County, 797 F.2d 812, 816 (9th Cir.1986). The district court's denial of Deputy Lauterbach's motion for summary judgment on Babcock's 42 U.S.C. Sec. 1983 claim is reversed.
 
 
 15
 b. Officer Fujino
 
 
 16
 The force used by Officer Fujino during the arrest varies from Deputy Lauterbach's conduct in one very significant respect: Officer Fujino allegedly applied a choke hold, squeezing Babcock's throat until Babcock lost consciousness. A choke hold can cause serious bodily injury or even death. See Maddox v. City of Los Angeles, 792 F.2d 1408, 1411 (9th Cir.1986) (officer's application of choke hold for 20 to 30 seconds caused suspect's death). Officer Fujino maintains this use of force was an objectively justifiable response to Babcock's admitted resistance to Deputy Lauterbach's arm hold. However, "[t]he force which was applied must be balanced against the need for that force...." Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir.1994); see also Chew v. Gates, 27 F.3d 1432, 1441-42 (9th Cir.1994). Based on the evidence presented at the motion for summary judgment we are unable to conclude as a matter of law that the forced used by Officer Fujino was objectively reasonable.
 
 
 17
 Although Babcock was fleeing a lawful stop, the only crime involved was a misdemeanor. While a reasonable officer might be wary of Babcock's refusal to provide identification or exit the truck, these actions were passive, justifying only the use of minimal force to carry out Babcock's arrest. Babcock's active resistance began after the officers had gained physical control over him; there is no suggestion in the record that the officers were in danger, or Babcock's resistance was more than a futile protest against Deputy Lauterbach's arm hold. Whether Babcock posed a safety threat to the officers, is a factual question which makes summary judgment inappropriate. See Alexander, 29 F.3d at 1366-67. The district court's order denying Officer Fujino's motion for summary judgment is affirmed.
 
 
 18
 4. The Pendent State Law Claims.
 
 
 19
 The appellants mainly concentrate their efforts on the federal Sec. 1983 action although both perfunctorily ask us to reverse the district court's denial of summary judgment on their state law claims. We decline the invitation. In light of our opinion today, however, we order the district court on remand to reconsider its order denying Deputy Lauterbach summary judgment on Babcock's state law claims.
 
 5. Costs
 
 20
 The parties shall bear their own costs of the appeal.
 
 
 21
 B. The Unreasonable Seizure Claim-Gahn v. McCombs No. 93-35535
 
 
 22
 Dan Gahn alleges the seizure of his car by Officer McCombs was unreasonable under the Fourth Amendment. Officer McCombs asserted a qualified immunity defense at summary judgment, and the motion was denied.
 
 1. Clearly Established Law
 
 23
 It is clear the impoundment of a vehicle by governmental authorities is a seizure under the Fourth Amendment. United States v. Smith, 790 F.2d 789, 792 (9th Cir.1986); United States v. Bagley, 772 F.2d 482, 490 (9th Cir.1985), cert. denied, 475 U.S. 1023 (1986). A warrantless seizure may be justified if the impoundment was lawful. The Supreme Court has recognized that police officers may lawfully impound a vehicle as part of a "community caretaking function." South Dakota v. Opperman, 428 U.S. 364, 368 (1976).
 
 
 24
 2. The Reasonableness of Officer McCombs' Conduct.
 
 
 25
 On appeal, Officer McCombs asserts a reasonable officer could believe the impoundment of Gahn's vehicle was lawful under the caretaking exception. Officer McCombs contends the lawful arrest of Larry Gahn, coupled with the inability to secure the vehicle against vandalism, made the impoundment reasonable.[1] We agree.
 
 
 26
 The Supreme Court has determined that the impoundment of a vehicle to protect it from theft, vandalism, or negligence is a proper exercise of the community caretaking function. Colorado v. Bertine, 479 U.S. 367, 373 (1987). Here, the impoundment was incidental to the lawful arrest of the car's driver. Significantly, the car's back window was broken out, making it impossible to secure the car against vandalism or theft. Moreover, the car was parked in a private lot reserved for customers only, and although Gahn may initially have been a customer, he ceased to be one at his arrest. Gahn refused to identify himself or cooperate with the officer. Not knowing when Gahn would return or if Gahn was the car's legal owner, an officer could reasonably conclude that impoundment was an appropriate exercise of the caretaking function. See Hallstrom v. City of Garden City, 991 F.2d 1473, 1477 n. 4 (9th Cir.) (officer's impoundment of arrestee's car from a private parking lot was reasonable under the community caretaking function), cert. denied, 114 S.Ct. 549 (1993).
 
 
 27
 Gahn contends the impoundment was unreasonable because Officer McCombs refused to let Gahn make alternative arrangements for the car. However, in discharging the caretaking function, a police officer need not use the least intrusive means. Colorado v. Bertine, 479 U.S. at 373-74. The district court order denying Officer McCombs' motion for summary judgment is reversed.
 
 
 28
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 *
 It was ordered that the matter of Steven A. Babcock be submitted on the briefs and records without oral argument. The Court finds this case suitable for decision without oral argument. This case shall be submitted on the briefs and record, without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Officer McCombs asserted these factual allegations in support of his motion for summary judgment and they are undisputed. The caretaking legal theory is raised for the first time on appeal. However, "[w]here an interlocutory appeal is made possible by the denial of a colorable claim of qualified immunity, we consider any issue fairly presented by the record which relates to that issue." Armendariz, 31 F.3d at 870